IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| RELIANT EXPLORATION LTD. | § | CASE NO: 01-24229 |
|     Debtor(s) | § | |
| | § | CHAPTER 11 |
| | § | |
| RELIANT EXPLORATION CREDITORS' TRUST | § § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 05-2025 |
| | § | |
| OPUS OIL & GAS LP, *et al* | § | |
|     Defendant(s) | § | |

**MEMORANDUM OPINION AND ORDER ON
DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE TO WITHDRAW THE REFERENCE**

On this day came on for consideration the Motion to Dismiss Or, In the Alternative, to Withdraw the Reference filed by Opus Oil & Gas, Ltd. and Opus Energy, L.L.C. (collectively "Opus"), Defendants in the above-captioned adversary proceeding.  The Court, having heard the evidence and arguments of counsel, and upon review of the pleadings, briefs & prior orders on file, finds that the Motion to Dismiss should be granted.

BACKGROUND

This case involves a lawsuit by Reliant Exploration Creditors' Trust ( the "Trust"), against Opus for breach of the terms of an overriding royalty conveyance that was negotiated and executed by the Trust and approved by this Court in connection with the confirmation of the Debtor's plan.  On December 28, 2001, Reliant Exploration, Ltd. ("Reliant" or "Debtor") filed for protection under Chapter 11 of the United States Bankruptcy Code in the United States

Bankruptcy Court for the Southern District of Texas, Corpus Christi Division (the "Court").  An Amended Joint Plan of Reorganization (the "Plan") was confirmed by the Court on August 20, 2002, pursuant to which Reliant agreed to subsequently convey an overriding royalty interest (the "ORRI") in all oil and gas leases owned by it to the Trust.  The override was granted through an Overriding Royalty Interest Conveyance (the "ORRI Conveyance") dated September 9, 2002.  The predecessor to the Trust, the Creditors' Committee, was a proponent of the Plan and made no objection to the Plan or the Order confirming it.  Pursuant to the Plan, Opus purchased all of the property and leases of Reliant, subject to the ORRI, on September 10, 2002, and agreed to grant the Trust an ORRI on all leases it acquired in the future.  Opus thereby became Reliant's successor to the ORRI Conveyance.

The crux of this dispute is the manner in which the ORRI is calculated and whether the royalty is to be calculated from the leases on a global or well-by-well basis.  The Trustee objects to Opus using revenue from producing wells to plug and abandon non producing wells.  The Trustee argues that Opus cannot use revenue from one well to cover expenses from another.  Opus disagrees and contends that the ORRI Conveyance allows such allocation of expenses.

The Trustee participated in the negotiation of the ORRI Conveyance and agreed to its terms. The ORRI Conveyance was approved by all parties and was approved by the Court.  *See* Order Confirming Amended Joint Plan of Reorganization at pp. 3-4.  (".... the ORRI ... and all amendments, modifications and restatements thereof, and all terms and conditions ... are approved").  Following approval by the Court and after confirmation of the Plan, the parties (or their predecessors) executed and entered into the ORRI Conveyance.  Thus, the ORRI Conveyance is the document governing the Trustee's and Opus' rights and obligations.  The Order  Confirming the Plan allowed and approved subsequent amendments to the ORRI.  This

suit is simply a contract dispute between the Trustee and Opus.

## DISCUSSION

Bankruptcy courts are courts of limited jurisdiction and derive their jurisdiction solely from statute. *In re Bass,* 171 F.3d 1016, 1022 (5th Cir. 1999). Pursuant to 28 U.S.C. §§ 1334, 157, bankruptcy courts are granted jurisdiction over matters that "arise under," "arise in," and "relate to" cases under Title 11 or cases that are "core" proceedings. Unless a case falls into one of these categories, a bankruptcy court cannot exercise jurisdiction.

"Arises under" jurisdiction only confers jurisdiction to a bankruptcy court over issues that are specifically presented to it through a formal bankruptcy petition. *In re Canion*, 196 F.3d 579, 584 (5th Cir. 1999) ("the first category ['arises under'] refers merely "to the bankruptcy petition itself"); *Matter of Wood*, 825 F.2d 90, 92 (5th Cir. 1987) ([arises under] refers merely "to the bankruptcy petition itself"). No dispute involving a bankruptcy petition is at issue in this case. No party to this case has filed a bankruptcy petition and, following confirmation of the Reliant Plan, no additional issues are presented through Reliant's bankruptcy petition. Thus, there is no basis for the Court to assert jurisdiction under the "arises under" language of 28 U.S.C. §157 or 28 U.S.C. §1334. *Id.*

Because this dispute does not "arise under" Title 11, the next step in the Court's analysis is to determine whether the dispute "arises in" or "relates to" Title 11. In order to make this determination, the Fifth Circuit has ruled that it is only necessary to determine whether a matter is at least "related to" the bankruptcy. *In re Bass*, 171 F.3d at 1022; *In re Canion*, 196 F.3d at 584-85; *Matter of Wood,* 825 F.2d at 93. "Related to" is a term of art and means that this Court must determine whether the outcome of this proceeding "could conceivably have any effect on the estate being administered in bankruptcy." *Bass*, 171 F.3d at 1022; *Canion*, 196 F.3d at 585.

Further, an action is "related to" a bankruptcy "if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and ... in any way impacts upon the handling and administration of the bankrupt estate." *In re Bass*, 171 F.3d at 1022 (internal citations omitted). It is well established that a bankruptcy court's "related to" jurisdiction is not limitless. *Celotex Corp. v. Edwards,* 514 U.S. 300, 308 (1995). In order for bankruptcy court jurisdiction to attach under the "related to" test, the outcome of an action must both: (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the bankruptcy estate. *Id.* This case does not meet those requirements.

The case at bar is a dispute between two non-debtors, arises nearly three years after Reliant's Plan was confirmed and does not involve any property of a bankruptcy estate. Accordingly, it is not "related to" a bankruptcy. The outcome of this action will not affect the Debtor or its bankruptcy estate. The Trustee's basis for jurisdiction is merely that the ORRI Conveyance was described within the Plan. However, this is insufficient to confer jurisdiction under the test set forth in *Canion, Bass,* and *Wood* for "related to" jurisdiction. Merely because an action may share common facts with a bankruptcy does not confer "related to" jurisdiction on the Court. *Matter of Zale* Corp., 62 F.3d 746, 753 (5th Cir. 1995). The fact that the ORRI was described in the Plan, the ORRI Conveyance was executed shortly after the Plan was confirmed and the ORRI Conveyance involves assets that formerly belonged to the debtor is not enough to establish "related to" jurisdiction under the Fifth Circuit's standard. This case is simply a contract dispute regarding a contract entered post-confirmation.

Nor does jurisdiction exist on the grounds that this is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A) and (b) (2) (O). The Fifth Circuit has held that a "core proceeding" is one that "invokes a substantive right provided by Title 11 or ... [one] that, by its nature, could arise only

in the context of a bankruptcy case." *Matter of Wood*, 825 F.2d at 97. In this case, there is no substantive rights provided by Title 11. The Trustee does not allege or contend that a "right" granted to it under Title 11 has been violated. Further, the Trustee does not argue and cannot show that this is a proceeding that could arise only in the context of a bankruptcy case. This is a simple case related to the interpretation of a contract --- the ORRI Conveyance --- and is a run-of-the-mill type dispute which is generally brought outside of the context of bankruptcy in state courts.[1]

The Fifth Circuit held that post-confirmation disputes such as this one typically do not give rise to bankruptcy court jurisdiction. *In re Craig's Stores of Texas, Inc.,* 266 F.3d 388 (5th Cir. 2001). In *Craig's*, the District Court refused to exercise jurisdiction over a dispute regarding the interpretation of an agreement that was assumed and made part of a debtor's reorganization plan that was approved by the bankruptcy court. *Id.* at 389. Upon appeal, the Fifth Circuit upheld dismissal of the case for lack of jurisdiction on the grounds that once a debtor's plan is confirmed, "the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist ..." *Id.* at 390. A bankruptcy court is then without jurisdiction to hear disputes between parties. *Id; see also, In re Transamerican Natural Gas Corp.*, 127 B.R. 800, 803-04 (S.D. Tex. 1991) (holding that royalty owner's claim for debtor's alleged breach of duty in post-confirmation settlement of contract did not accrue prior to plan confirmation and was not part of bankruptcy plan; deciding bankruptcy estate ceased to exist upon confirmation of reorganization plan); *In re J.T. Gerken Trucking, Inc.* 10 B.R. 203, 204 (Bankr. N.D. Ohio 1981) (concluding that bankruptcy court's affirmation in the plan of the contract at issue did not confer jurisdiction on the court over post-confirmation

---

1 Based on Opus' request for a jury trial, even if the Court retained jurisdiction, the case would have to be tried to the U.S. District Court. Thus, in either event, a court other than the Bankruptcy Court would be interpreting the ORRI and, if the Trustee is correct, the Plan of Reorganization.

controversies arising from the contract).  If the Court were to adopt the Trustee's contention that jurisdiction exists over this contractual dispute, the bankruptcy would continue for years to come, even though the Plan has been confirmed.  Each time a dispute occurred as to the manner in which the ORRI is to operate, this Court would be charged with resolving the dispute under the Trustee's all-encompassing view of the Court's jurisdiction.  This would result in perpetual jurisdiction by this Court over matters outside the scope of its authority.  No basis exists for this Court to resolve this post-confirmation, non-bankruptcy dispute and it should be dismissed.

Finally, this Court's retained jurisdiction following confirmation of a reorganization plan is not limitless.  Bankruptcy Rule 3020(d) addresses the extent of the bankruptcy court's retained power following plan confirmation.  The Rule states that "[n]otwithstanding the entry of the order of confirmation, the court may issue any other order necessary to administer the estate."  Bankr. Rule 2030(d).  The Court's retained jurisdiction is limited to concluding "matters pending before it prior to confirmation and to continue to administer the estate as necessary, e.g., resolving objection to claims."  Advisory Committee Notes to Bankr. Rule 2030(d).  As noted above, the ORRI Conveyance was executed on September 9, 2002, after the Plan's confirmation on August 30, 2002.  Furthermore, the ORRI Conveyance was merely described in the Plan and was not incorporated into the Plan.  Therefore, the interpretation of and the parties' performance under the ORRI Conveyance were not matters pending "prior to confirmation."  As a result, the Court did not retain power to indefinitely oversee Opus' and the Trust's performance of the terms of the ORRI Conveyance once the Plan had been confirmed and the ORRI had been created.

Although the plan contemplated the grant of the ORRI to the Trust, it is beyond the scope of the Court's retained jurisdiction to oversee the ORRI Conveyance once it has been executed and granted to the Trust pursuant to the Plan.  In relation to the ORRI, the Court's implementation of

the Plan was limited to three distinct matters:  (1) the creation of the ORRI; (2) the approval of the form of the ORRI; and (3) the execution of the ORRI Conveyance by the parties post-confirmation.  *See, i.e.,* Plan § 5.01(e) (establishing carve out of the ORRI); §5.10 (requiring the form of the ORRI to be filed with the Court and requiring it to be executed at some undefined time); § 10.01(h) (listing approval of the ORRI's form as a condition precedent to confirmation of the plan).  Once those three distinct matters had been completed, the Plan was implemented, executed and completed as it related to the ORRI and this Court's jurisdiction regarding the ORRI ceased.

There is no dispute that the override was  submitted to the Court before the Plan was confirmed, thereby completing and executing the Plan.  *See* Order Confirming Amended Joint Plan of Reorganization at pp. 3-4.  Additionally, the Court gave its approval to the ORRI Conveyance by stating that the "ORRI . . . and all amendments, modifications and restatements thereof, and all terms and conditions thereof, are hereby approved." *Id.* at p.4.  Finally, the Trustee approved the ORRI Conveyance as a condition precedent to the Court's confirmation of the Plan. *(See,* Findings of Fact and Conclusions of Law for the Confirmation of the Amended Joint Plan of Reorganization at p. 13.)  The purpose of the Plan, as it related to the ORRI, was implemented post-confirmation when the ORRI was formally conveyed to the Trust.

In Section 11.01(a) of the Plan, the Court retained jurisdiction to ensure that the purpose and intent of the Plan were carried out.  As set forth above in connection to the ORRI, the purpose of the Plan was the creation and approval of the ORRI Conveyance prior to confirmation of the Plan.  The ORRI was created, approved, and executed as required by the Plan.  The signed Order Confirming Amended Joint Plan of Reorganization notes that the ORRI Conveyance was filed of record with the Court on August 9, 2002. Moreover, the Order specifically approved the "terms

and conditions" of the ORRI Conveyance.  Thus, the purpose of the Plan was fulfilled when the ORRI was formally conveyed to the Trust post-confirmation, and there are no matters remaining for the Court to supervise regarding the ORRI.  The pending dispute between the bankruptcy creditors' trustee and the successor-in-interest to the bankrupt entity's assets over whether the accounting under the ORRI Conveyance has been correctly done is purely a state law issue over which this Court lacks jurisdiction.

However, nothing in this Memorandum Opinion constitutes an interpretation of the ORRI Conveyance or a finding that either Opus or the Trust's interpretation is correct. Nor does this Memorandum Opinion prohibit a Court of competent jurisdiction from looking to the Plan of Reorganization, the Order Confirming the Plan of Reorganization, and any other bankruptcy pleading or order in its process of interpreting the ORRI Conveyance or the intent of the parties in executing the ORRI Conveyance.

## CONCLUSION

The Court should dismiss this Adversary Proceeding because it does not have subject matter jurisdiction to hear the dispute.  This action does not "arise in," "arise under," or "relate to" the Reliant Exploration bankruptcy.  Instead, this action is a post-confirmation contract dispute between non-debtors and does not involve any property belonging to the bankruptcy estate.  The overriding royalty interest contract at issue was entered after the confirmation of the reorganization plan.  Thus, this action, which arises nearly three years after the bankruptcy proceeding, can have no conceivable effect on the bankruptcy estate, which ceased to exist following the reorganization plan's confirmation.  No basis exists for the Court to hear this dispute under 28 U.S.C. §157 or 28 U.S.C. §1334.  Accordingly, this action should be dismissed.

It is therefore ORDERED that the Defendants' Motion to Dismiss is hereby GRANTED and Adversary Proceeding No. 05-2025 is hereby DISMISSED.

SIGNED 12/15/2005.

RICHARD S SCHMIDT
United States Bankruptcy Judge

SIGNED 12/15/2005.

RICHARD S SCHMIDT
United States Bankruptcy Judge